■ In the Matter of DAVID WIATER, Appellant. COMMISSIONER OF LABOR, Respondent. [699 NYS2d 511] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 2, 1998, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant challenges a decision of the Unemployment Insurance Appeal Board that he left his employment as a waiter without good cause. Although the record establishes that the employer initially intended to terminate claimant in part because he failed to be available for his on-call scheduled shift prior to leaving for a Christmas vacation, the employer reconsidered its decision within a matter of hours and informed claimant that he could continue working, albeit at reduced hours in accordance with the needs of the restaurant given that business declined following the holiday season. Claimant refused this offer because he did not like the reduction in hours. Evidence at the hearing established that claimant had been aware that his increased hours during the holiday season would not continue. Under these circumstances, we find no reason to disturb the Board's decision that claimant voluntarily left his employment without good cause inasmuch as continuing work was available to him (*see generally, Matter of Anthony [Commissioner of Labor]*, 257 AD2d 876). Although claimant disputes the employer's version of events leading to the end of his employment, this presented a credibility issue for resolution by the Board (*see, Matter of Iezza [Commissioner of Labor]*, 256 AD2d 798; *Matter of Merriwether [Gotham Mgt. Corp.—Hudacs]*, 197 AD2d 732).

Yesawich Jr., J. P., Spain, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.